Wright, J.,
delivered the opinion of the Court.
This is an action of replevin for a buggy.
The plaintiff claims it as a purchaser from Ananias-. Pitts. The defendant is a constable, and seized it by-virtue of an execution in favor of B. W. Mason, tu creditor of Pitts, upon the ground that the alleged purchase, by the plaintiff, was colorable and intended to. hinder and delay creditors.
The only question that need be eonsid'ered here, is as to the admissibility of certain statements of Pitts, in regard to the ownership of this buggy; and what his purpose was in regard to. it, as proved by James W. Mitchell, Laban A. Westmoreland and James M. Marks-. These statements were objected to .by the- plaintiff as incompetent, because made in his absence, but were permitted to go to the jury as evidence.
In this, we think there is no error.
*548 It is certainly true that the right of a party to property bona fide purchased by him, cannot be prejudiced by the sayings of the vendor after the transaction, not in the presence of the purchaser.
But upon reading this record, it is difficult to resist the conclusion, that this purchase of the plaintiff was an unlawful and colorable device between him and Pitts, to hinder and delay the creditors of the former; and that the buggy really, all the while, belonged to him. If so, this evidence was admissible upon well settled principles. 1 Greenl. Ev., sec. 111.
But, however this may be, it is well settled, that if a party make an absolute sale, and retain the possession of the property, inconsistently with the terms of the sale, his statements in reference to the ownership, or contract, or terms upon which he holds possession of the property, may be received as a part of the res gestee.
In such a case, it has been held, that the possession of the property is a badge of fraud, which, of itself, connects him with the claimant, in the suspicion of a confederacy to defeat creditors. Trotter v. Watson, 6 Hum., 509.
This principle applied to the present case, is decisive of it.; since it is plain to our mind, upon a careful reading of this record, that all of the statements of Pitts, as detailed by the witnesses, save one, and that one furnishes mo reversible error, were made after he had pretended to have sold the buggy to the plaintiff, ■and while .he yet had the possession of it.
It is clear, the buggy was in an unfinished state, and ■at Lord’s shop when the plaintiff affected to purchase *549 it. It is equally plain, that it was not delivered to the plaintiff at the shop, but at Arrowsmith’s livery stable, and that this was on the day of the defendant’s levy, or the day before; for Marks proves it was .then at the shop, and Pitts wished to borrow $30.00 to get it away; and it was then he made to the witness, the statement supposed to be inadmissible; for certainly what he said on his way to Nashville, with the buggy in possession, was properly admitted. Mitchell is allowed to prove, that after he had taken the buggy to Nashville and sold it, he heard Pitts say, he had sold it to Porter for $300.00. As before remarked, this, if error at all, is not cause for a reversal, because the same fact is proved by Pitts, the plaintiff’s witness, and its repetition with defendant’s evidence could have done no harm.
The other statements of Pitts, as proved by Mitchell and Westmoreland, were evidently made after the buggy had been finished, and while at the shop and in the possession and under the control of Pitts, and before its delivery to the plaintiff, and so admissible in evidence.
We find no error in the judgment, and affirm it.